COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Kristofer Thomas Kastner v. Texas Workforce Commission and
                         Rosehill Enterprises, L.L.C. dba Houston Admiral Services

Appellate case number:   01-13-00274-CV

Trial court case number:  2011-76848

Trial court:             165th District Court of Harris County

Appellant, Kristofer Thomas Kastner, filed an affidavit of indigence for purposes of appeal in the trial court. The trial court signed an order sustaining a contest to the affidavit on April 19, 2013.

On May 7, 2013, Kastner filed a "Motion for Reconsideration of Order Denying Inability Dated 04/19/2013" with this Court. In the motion, Kastner contends that "[s]ince the entering of the order, Kastner's financial condition has deteriorated" and that he "now presents a clear case of inability to proceed without pre-payment of costs." Kastner requests that we "rescind [the trial court's] order sustaining the contest to his inability filing and order the case to proceed without payment of costs."[1]

On June 6, 2013, we ordered Kastner to pay the $175 filing fee to this Court no later than June 17, 2013, based on the trial court's order sustaining a contest to Kastner's affidavit of indigence and the fact that Kastner did not file a motion challenging that order by April 29, 2013.

On June 14, 2013, Kastner filed a response to this Court's June 6, 2013 order and a "Motion for Extension of Time to File Motion Under TRAP 20.1(j)." In this motion, Kastner, citing Texas Rule of Civil Procedure 329b, argues that his deadline to challenge the trial court's order denying his affidavit of indigence was extended by the filing of his motion for reconsideration. Kastner also contends that "his circumstances have changed dramatically since March of 2013 when the affidavit was filed," because he "is now unemployed and receiving a governmental entitlement based on indigency." Kastner "requests the court allow him to hear

---

[1]     Kastner's motion for reconsideration does not in any manner challenge the trial court's order sustaining a contest to his affidavit of indigence or request that we review that order. *See* TEX. R. APP. P. 20.1(j)(1).

the motion for reconsideration, appeal the inability determination or proceed under the new affidavit with a major change of circumstances."

We do not have the authority to "reconsider" an order of the trial court. As an appellate court, we review decisions of trial courts; we do not reconsider their orders. Further, even were we able to "reconsider" the trial court's order, Kastner presents no substantive basis for reconsideration. The sole ground for reconsideration urged in his motion is his assertion that his financial condition has deteriorated. Kastner, however, failed to attach any affidavits to his motion for reconsideration and failed to state how his financial situation had changed in his motion. And, when comparing the affidavits Kastner filed with the trial court on March 27, 2013 and with this Court on May 10, 2013, the only difference lies in his employment status. As of March 27, 2013, Kastner was employed by the Houston Chronicle, earning $15 per hour, but he was no longer employed as of May 10, 2013. Nevertheless, because Kastner provided no information in his original affidavit regarding how many hours he worked per week and stated that his job would end on April 6, 2013, there is no basis in the affidavit upon which the trial court could have determined Kastner's income, and there is no basis to determine whether or by how much Kastner's financial circumstances have changed. Therefore, we deny his motion for reconsideration.[2]

Further, motions to challenge trial court's orders sustaining contests to affidavits of indigence are governed by Texas Rule of Appellate Procedure 20.1(j), which requires such motions be filed within 10 days after the later of the date the order is signed or the date the notice of appeal is filed. Here, the notice of appeal was filed on March 27, 2013 and the trial court's order was signed on April 19, 2013, making any motion challenging the order due by April 29, 2013. *See* TEX. R. APP. P. 20.1(j)(2). We may, however, extend the time for filing a challenge on motion complying with rule 10.5(b). *See id.* Such a motion, however, must itself be filed in a timely manner. *Cf. Campbell v. Carriage Place Apartments*, No. 14-12-01096-CV, 2013 WL 1279427, at *1 (Tex. App.—Houston [14th Dist.] March 28, 2013, no pet.) (stating that motion filed on February 11, 2013 was untimely as challenge to order signed December 18, 2012); *Mata v. Wells Fargo Bank, NA*, No. 14-12-00517-CV, 2012 WL 3686220, at *1 (Tex. App.—Houston [14th Dist.] Aug. 28, 2012, no pet.) (dismissing appeal from order sustaining contest to affidavit of indigence because challenge was due on May 18, 2012 but not filed until May 29, 2012); TEX. R. APP. P. 20.1(c)(3) (requiring motion for extension of time to file affidavit of indigence be filed within 15 days after original deadline), 20.1(j)(2) (requiring motion challenging trial court's order be filed within 10 days of order or notice of appeal), 20.1(j)(3) (requiring record of indigence hearing be filed within three days after challenge is filed), 20.1(j)(4) (granting challenge by operation of law if appellate court does not deny challenge within 10 days of its filing), 26.3 (requiring motion to extend time to file notice of appeal be filed within 15 days of original deadline), 49.1 (requiring motion for rehearing be filed within 15 days after rendition of judgment or order). And, contrary to Kastner's contention, Rule of Civil Procedure 329b, which

---

[2]     We do not interpret Kastner's motion for reconsideration as a motion for any other type of relief because (1) the motion does not contend the trial court's order sustaining a contest to his affidavit of indigence was erroneous, (2) the only relief requested is to rescind the trial court's order, and (3) the only argument presented in the motion—that "Kastner's financial condition has deteriorated"—does not present a basis for granting relief. *See infra* (discussing issue of filing multiple affidavits of indigence).

applies to motions for new trial and motions to modify, correct, or reform judgments, is inapplicable to indigence determinations and does not extend the deadline for filing a motion challenging a trial court's order sustaining a contest to an affidavit of indigence. *See* TEX. R. CIV. P. 329b. Therefore, Kastner's motion for extension—filed 56 days after the trial court signed the order—is untimely. *See* TEX. R. APP. P. 20.1(j)(2).

Finally, the rules do not allow for the filing of multiple affidavits of indigence, nor do they provide for a waiver of the costs of appeal when an appellant becomes indigent after the deadlines for paying for appellate costs have passed. *See* TEX. R. APP. P. 20.1(c) (requiring affidavit of indigence be filed "with or before the notice of appeal"), 20.1(m) (authorizing appellate court to order party to pay all or portion of appellate costs if party who has proceeded on appeal without prepayment of costs gains ability to pay); *see also* TEX. R. APP. P. 5 (requiring fees be paid "at the time an item is presented for filing"), 35.1 (setting deadline for filing of appellate record), 35.3 (requiring trial court clerk and court reporter to file respective records if party responsible for paying for records has paid appropriate fees). Because an appellant is required to pay the filing fee and the fees for preparing the appellate record at the outset of the appeal, a later change in financial circumstances does not excuse the failure to pay prior to the date the change in circumstances occurred. Further, Kastner's June 14, 2013 affidavit of indigence contains no material differences from his May 10, 2013 affidavit[3] and, as noted above, that affidavit does not establish a material decline in financial circumstances from the March 27, 2013 affidavit reviewed by the trial court. Therefore, Kastner fails to show a material change in circumstances that would necessitate consideration by the trial court of the May 10, 2013 or June 14, 2013 affidavits. Accordingly, we deny Kastner's motion for extension of time to file a motion challenging the trial court's order.

Based on the foregoing, we again ORDER Kastner to pay the $175 filing fee to this Court no later than 10 days from the date of this order, or the Court will dismiss the appeal. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent); 42.3 (allowing involuntary dismissal of case); *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.941(a), 101.041 (West 2013) (listing fees in court of appeals); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1) (listing fees in court of appeals).

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
☑ Acting individually　☐ Acting for the Court
Date: July 9, 2013

---

[3]　Although Kastner states in his motion that he is "receiving a government entitlement based on indigency," his affidavit does not support this contention. His affidavit merely states that he is awaiting a check based on his unemployment claim. Unemployment benefits, however, are not based on indigency. *See* TEX. LABOR CODE ANN. § 207.021 (West 2006); *Lovall v. Bianchi*, No. 01-93-00611-CV, 1994 WL 27336, at *1 (Tex. App.—Houston [1st Dist.] Feb. 3, 1994, pet. denied) ("Unemployment and workers' compensation benefits are not based on indigency.").